THOMPSON, Judge.
The City of Jacksonville (City) appeals a final judgment awarding appellee/plaintiff $5,700 in her negligence suit against the City and denying the City’s request for a $6,250 setoff for the amount recovered by the plaintiff pursuant to a settlement with a third party. We reverse.
The appellee/plaintiff fell and was injured on a sidewalk located in the City. The plaintiff notified the City of her claim and the City responded by letter from its insurance adjustors advising that there was no liability on the part of the City because the sidewalk in question “is the responsibility of the owner” who had previously been warned of its hazardous condition by the City’s Streets and Highways Department. Plaintiff was advised to contact the property owner, C. Curtis Collins, Jr., M.D., for any further claims. The plaintiff and her husband subsequently signed a “release of all claims” releasing Dr. Collins and his insurer from any liability for her injuries and acknowledging receipt of the $6,250 in settlement. The release expressly stated that it operated to fully release and discharge C. Curtis Collins, Jr., M.D. and West American Insurance Company from all actions, claims and demands of whatsoever kind or nature for all known and unknown losses of whatever nature sustained by the plaintiffs on or about the 11th day of March 1985 “for which injuries, losses and damages I/we claim the parties being released to be legally liable which liability is expressly denied....” The release also specifically provided “It is the intent of all parties to release only C. Curtis Collins, Jr., M.D. and West American Insurance Company and specifically not to release the City of Jacksonville or any other joint tortfeasor who is or may be liable for the damages herein.”
The release executed by plaintiff and her husband is a release as referred to in § 768.041, Fla.Stat., and the provisions of that section are applicable in this case. Subsection 2 of § 768.041 provides:
At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall setoff this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(Emphasis added.) The damages and injuries for which the plaintiff received the $6,250 settlement are the same injuries and damages for which the plaintiff sued the City. The City therefore is properly entitled to have the amount of settlement set off against the $5,700 damage award. The trial court erred in denying such setoff and failing to enter judgment in the amount of $0. See Scheib v. Florida Sanitarium and Benevolent Association, 759 F.2d 859 (11th Cir.1985); Process Masters, Inc. v. Alpha III Ltd. Partnership, 477 So.2d 69 (Fla. 1st DCA 1985).
In his order denying setoff the trial judge correctly held that an adjoining landowner cannot be held liable for the negligent maintenance of city sidewalks and that a municipality may not delegate its duty to keep the sidewalks in good repair to a third party. However, the adjoining property owner could have damaged the sidewalk or committed other acts that rendered him jointly liable to the plaintiff. The fact that the adjoining property owner and his liability insurance carrier paid the plaintiff the sum of $6,250 in settlement of the plaintiff’s claim for the same damages and injuries for which the City of Jacksonville was sued, indicates that they were of the opinion that it was possible or even probable that they were liable for those same injuries and damages, particularly as the jury verdict indicates that they *1362 paid an amount at least equal to or more than the plaintiff’s full damages. The plaintiff and her husband signed a release in which they contended the third party was liable to them and also specifically referred to the fact that they were not releasing any other joint tortfeasor including specifically the City of Jacksonville.
We reverse the denial of the setoff and remand with instructions to grant the set-off and enter judgment accordingly.
WENTWORTH and WIGGINTON, JJ., concur.